WILLIAM L. HOWE *vs.* CUSHING MITCHELL & *al.*

The defendants agreed to sell to the plaintiff a township of land at a certain price for the timber thereon, to be determined by a person designated for that purpose, and the plaintiff agreed to pay therefor one fourth part in current bank bills on the delivery of the deed, and the remainder in notes payable at different times secured by a mortgage of the land; and it was agreed, that ten days next after the price should be ascertained, should be allowed to the defendants to procure a deed of the land, " to be left with the cashier of the *Canal Bank* in *Portland*, with whom also the plaintiff is to leave the money for the first payment and notes for the remainder, within ten days, till the bargain can be fully completed;" and that on failure of performance, the party delinquent should pay to the other a certain sum ; the plaintiff did not tender the money or notes or deposit the same in the Bank, and the defendant did not tender or deposit the deed, or procure the same; *it was held,* that no action could be maintained.

ASSUMPSIT on a contract signed by the defendants, on the first part, and by the plaintiff, on the second part, dated *Dec.* 18, 1835, wherein it was agreed, that the defendants should sell to the plaintiff a township of land in the county of *Oxford*, "on the following terms and conditions, namely, at the rate of one dollar per thousand feet, board measure, for all the merchantable pine timber now standing on said township suitable for making boards, one fourth part of the purchase money to be paid in current bank bills on the delivery of the deed, and the remainder in equal instalments of one, two and three years, with interest annually from this date, and payment secured by mortgage on the premises. And it is further agreed, that J. A. shall explore said township, and estimate the quantity of pine timber thereon standing of the quality aforesaid, according to the best of his judgment, and make report accordingly in writing within ninety days from this date at most, and as much sooner as practicable, and ten days thereafter shall be allowed the parties of the first part to go to *Oxford* and procure a warranty deed of the land executed and to be left with the cashier of the *Canal Bank* in *Portland*, with whom also the said *Howe* is to leave the money for the first payment, and notes for the remainder, within ten days, till the bargain can be fully completed. And it is also further agreed, that the expenses of exploring shall be equally paid by and between the parties, and also, that if either party shall neglect or refuse to fulfil and perform his part of the

contract, such party so refusing or neglecting, shall pay to the other party the sum of two thousand dollars, and all expenses of exploring, and no more." The plaintiff, in his declaration, claimed the two thousand dollars, and the expenses incurred by him in exploring the township.

At the trial before WESTON C. J. it was shown, that J. A. explored the township, and *Jan.* 22, 1836, made his report in writing of the quantity of timber thereon, and on the same day gave copies thereof to the parties. On the 10th of *Feb.* 1836, the plaintiff in conversation with *S. L. Mitchell,* one of the defendants, in *Boston,* declared his readiness to fulfil the contract on his part, and called upon *Mitchell* for a fulfilment on the part of the defendants, but the plaintiff made no tender of money or securities, nor did he leave either at any time with the cashier of the *Canal Bank.* The defendants had taken no steps towards a fulfilment on their part.

It was insisted by the counsel for the defendants, that proof that the plaintiff had deposited the money and securities with the cashier of the Bank was indispensable, as a condition precedent, to the maintenance of the action. It was then agreed, that the case should be taken from the jury, and submitted to the opinion of the Court; and that if the Court should be of opinion that such proof was essential to the maintenance of the action, the plaintiff should become nonsuit.

*D. Goodenow* and *Eastman* argued for the plaintiff, and contended, that as the law was well settled, that where one party has disqualified himself from performing, that performance by the other party is unnecessary ; so here by the terms of the contract the defendants were to proceed and do certain things to enable them to perform, and the plaintiff cannot be held to be in fault until the defendants were ready to convey. The defendants did not go to *Oxford* and obtain the title, and the plaintiff was under no obligation to pay his money, or part with his securities until he could have a title to the land. By the true construction of the contract the defendants were to have ten days next after notice of the completion of the exploration to obtain the deed; and then the plaintiff was to have ten days more to examine the title, and deposit the money

and securities. The defendants were to move first in performance, and therefore the stipulations are independent of each other. The law does not require the deposit of the money and securities in the Bank merely to take them back again. The defendants could not take them, as they never had the title to convey. They cited *Newcomb* v. *Bracket*, 16 *Mass. R.* 161; *Brown* v. *Gammon*, 14 *Maine Rep.* 276; *Rawson* v. *Johnson*, 1 *East*, 203; *Tinney* v. *Ashley*, 15 *Pick.* 546.

*S. Fessenden* and *L. Whitman* argued for the defendants, and insisted, that the stipulations of the parties were dependant, and therefore neither can maintain an action against the other, without showing performance on his part. It is urged, that the plaintiff is under no necessity of parting with his money without having the land. The argument might be offered with greater justice by the defendants, that they were not to part with their land, without their money, their securities and their mortgage. It is enough, that the action cannot be maintained, as the case shows, that the plaintiff did not perform on his part. They cited *Goodison* v. *Nunn*, 4 *T. R.* 761; *Chitty on Pl.* 309, 325; 1 *Saund.* 320, note; 2 *Saund.* 102; *ib.* 352, note 3; *Johnson* v. *Reed*, 9 *Mass. R.* 78; *Tileston* v. *Newell*, 13 *Mass. R.* 406; *Gardiner* v. *Corson*, 15 *Mass. R.* 500; *Howland* v. *Leach*, 11 *Pick.* 151; *Kane* v. *Hood*, 13 *Pick.* 281; *Hunt* v. *Livermore*, 5 *Mass. R.* 395; *Couch* v. *Ingersoll*, 2 *Pick.* 291; *Dana* v. *King*, *ib.* 155; *Porter* v. *Noyes*, 2 *Greenl.* 22; *Brown* v. *Gammon*, 14 *Maine Rep.* 276; *Howe* v. *Huntington*, 15 *Maine Rep.* 350. The first and last cases cited were relied on as decisive of this action.

The opinion of the Court was drawn up by

SHEPLEY J. — There can be no doubt of the intention of the parties, that the title was to be conveyed, and payment made and security given at the same time. For the contract provides, that one fourth of the purchase money should be paid on delivery of the deed, and that security should be made for the remainder by notes and a mortgage of the premises. The provision, that the deed, money, and notes should be deposited in the *Canal Bank* in *Portland*, does not change the rights or duties of the parties in this respect, for they would remain there subject to the control of the

party making the deposit, until a delivery should take place. There is no provision for a deposit of a mortgage by the plaintiff, which would clearly shew, if it were not otherwise apparent, that other acts must take place after the deposit before the title could pass or the contract be completed. And the parties understood this, for the contract provides for the money and notes to be left there " till the bargain can be fully finished and completed."

There being no change of the rights of the parties on this point by the provision for a deposit, it still remained the duty of the one, who would exact performance of the other, to prove, that he was ready and willing and would have performed, if the other party had. It is not therefore necessary to decide, whether a true construction of the contract would have required the plaintiff to deposit the money and notes within the same ten days allowed to the defendants, or within ten days thereafter, as the report states, that he did not at any time make such a deposit. And without this he could not shew a readiness on his own part to perform in the manner provided for in the contract. And this Court has repeatedly decided, that such proof is indispensable to enable him to recover against the defendants.

*Plaintiff nonsuit.*